UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 05-93-KSF

UNITED STATES OF AMERICA                                                                       PLAINTIFF

v.                                                 **OPINION & ORDER**

KIMBERLY WHITFIELD                                                         DEFENDANT

\* \* \* \* \* \* \* \* \* \*

Currently before the Court is the motion of the defendant, Kimberly Whitfield, for early termination of her supervised release [DE #181]. For the reasons set forth below, Whitfield's motion will be granted.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On September 8, 2005, Whitfield entered a guilty plea to the charge of conspiring to conspiracy to possess and distribute crack cocaine in violation of 21 U.S.C. § 846 [DE #72]. She was sentenced on February 1, 2006 to forty months imprisonment [DE #131]. She was released from imprisonment on March 5, 2008.

Upon her release, Whitfield was placed on a five-year supervised release term. She claims that while on supervised release she has managed to maintain a job, her residence, and obtain a vehicle. The United States, based on the advice of Whitfield's probation officer, has no objection to Whitfield's request for early termination of her supervised release [DE #182].

## II.  ANALYSIS

In determining whether Whitfield is entitled to early release, the Court is bound by 18 U.S.C. § 3583(e)(1), which provides:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Civil Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice. . .

The factors identified include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense and to afford adequate deterrence to criminal conduct; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; (6) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2) that is in effect on the date the defendant is sentenced; and (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553.  According to Rule 32.1(c) of the Federal Rules of Criminal Procedure, a hearing is not required prior to modifying the terms of supervised release when, as here, the modification is pursuant to the defendant's request and the government, after having been given notice of the proposed relief and a reasonable opportunity to object, voices no objection.

### III. CONCLUSION

Having considered the relevant factors, including Whitfield's conduct on supervised release and the steps she has taken in living as a productive citizen, the Court finds that early termination of her supervised release is warranted. Accordingly, as one year has passed since the start of her supervised release, **IT IS HEREBY ORDERED** that Whitfield's motion for early termination of supervised release [DE #181] is **GRANTED** and Whitfield's supervised release is hereby terminated.

This March 17, 2011.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge